# EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542649310

## Service of Process Transmittal Summary

**TO:**  LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**  **Process Served in California**

**FOR:**  Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AARON MCLAUGHLIN and TARA CLARK // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 22CV405345 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Tesla Model 3, VIN No.<br>5YJ3E1EBXJF075001 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/09/2022 at 11:09 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s)<br>may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Michael A. Kelly<br>LAW OFFICES OF WALKUP, MELODIA, KELLY & SCHOENBERGER<br>650 California Street, 26th Floor<br>San Francisco, CA 94108<br>415-981-7210 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2022, Expected Purge Date:<br>11/14/2022<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

Page 1 of  2

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542649310

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                   Wed, Nov 9, 2022
**Server Name:**            Dion Jones

| Entity Served | TESLA, INC. |
|---------------|-------------|
| Case Number | 22CV405345 |
| Jurisdiction | CA |

| Inserts | | |
|---------|---|---|
| | | |



| **SUMMONS** | **SUM-100** |
|---|---|
| **(CITACION JUDICIAL)** | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC. and DOES ONE through ONE HUNDRED

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AARON MCLAUGHLIN AND TARA CLARK

E-FILED
10/10/2022 10:56 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV405345
Reviewed By: P. Newton
Envelope: 10175370

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER**<br>*(Número del Caso):* 22CV405345 |
|---|---|

Santa Clara Superior Court
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Kelly/Andrew P. McDevitt 71640/271371 Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor  (415) 981-7210
San Francisco, CA 94108-2615

| DATE: 10/10/2022 10:56 AM  Clerk of Court | Clerk, by  P. Newton | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  **TESLA, INC.**
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]     CEB Essential Forms  ceb.com
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
McLaughlin, Aaron-16158

E-FILED
10/10/2022 10:56 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV405345
Reviewed By: P. Newton

1

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

2

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

3

4

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com

5

ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com

6

7 **ATTORNEYS FOR PLAINTIFFS
AARON MCLAUGHLIN AND TARA CLARK**

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SANTA CLARA

11 AARON MCLAUGHLIN and TARA        Case No.  22CV405345
   CLARK,

12                                  **COMPLAINT FOR DAMAGES;**
                   Plaintiffs,      **DEMAND FOR JURY TRIAL**

13

14      v.

15 TESLA, INC. and DOES ONE through
   ONE HUNDRED,

16                 Defendants.

17

18      Come now Plaintiffs AARON MCLAUGHLIN and TARA CLARK allege as

19 follows:

20                        **PARTIES**

21      1.      Plaintiffs are informed and believe, and thereon allege, that Defendant

22 TESLA INC. dba TESLA MOTORS, INC. ("TESLA") is a Delaware corporation

23 operating in and under the laws of the State of California and conducting business

24 throughout California.

25      2.      TESLA's principal place of business is California as its nerve center has

26 always been and remains in California.

27      3.      In October of 2021, Chief Executive Officer of TESLA, Elon Musk,

28 indicated that the company intends to continue operation of their primary factory in

1    Fremont, CA and will be continuing to expand their activities in California.[1]

2         4.    In a March 2, 2022 Twitter Post, Mr. Musk noted that "[w]e still operate

3    our California factory, which is the largest auto plant in North America, at full

4    capacity and are considering expanding it significantly. It has built 2/3 of all electric

5    vehicles in North America, twice as much as all other carmakers combined."[2]

6         5.    TESLA's Executive Leadership and Board of Directors are based all over

7    the country and in different continents including Sydney (Aus), California, Colorado,

8    New York and Chicago.[3]

9         6.    Plaintiffs are informed and believe, and thereon allege, that TESLA

10   relocated its headquarters to Texas for tax purposes, but a far greater amount of

11   corporate decision-making and control occurs in California than in Texas.

12   Specifically, it appears that very little corporate decision making happens in Texas

13   other than annual shareholder meetings.

14        7.    For example, the company's Chief Financial Officer and Senior Vice

15   President of Powertrain and Energy Engineering are located in Palo Alto and Santa

16   Cruz, California.[4] Additionally, TESLA's website confirms Tesla Operations &

17   Business Support and Human Resources are based in Fremont, CA.[5] Further,

18   TESLA's Fremont factory, which churns out all four TESLA vehicles, built more cars

19   than any other North American auto plant in 2021.[6] Last year, the factory spat out

20

21   _____

22   [1] https://apnews.com/article/technology-business-palo-alto-elon-musk-austin-
     7a9b375a5b69c25564c9ae4dc4fba64e. *Newsweek,* Tesla Headquarters Moving to Austin, But Will Not
23   Leave California, Musk Says, (Oct. 7, 2021) https://www.newsweek.com/tesla-headquarters-moving-
     austin-will-not-leave-california-musk-says-1636837

24   [2] Elon Musk (@elonmusk), Twitter (Mar. 22, 2022, 5:44 PM),
     https://twitter.com/elonmusk/status/1499198925210857472.

25   [3] https://ir.tesla.com/corporate

26   [4] https://www.linkedin.com/in/zachkirkhorn ; https://www.linkedin.com/in/baglino

27   [5] https://www.tesla.com/careers/search/?department=11&region=5

     [6] https://www.businessinsider.com/tesla-fremont-california-factory-most-productive-in-country-gm-
28   ford-2022-1

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  an average of 8,550 vehicles each weak, or nearly 450,000 units over the course of the

2  year.[7] TESLA's principal place of business is California, as its nerve center has

3  always been and remains in California.

4      8.    Plaintiffs are informed and believe, and thereon allege, that Defendant

5  TESLA does business in all 50 states and the State of California.

6      9.    Plaintiffs are informed and believe, and thereon allege, that Defendant

7  TESLA manufactured, sold, and warranted the Tesla Model 3, in California,

8  including the Tesla Model 3 involved in this action (VIN No. 5YJ3E1EBXJF075001)

9  and/or its agents, divisions, or subsidiaries designed, manufactured, and installed all

10  the systems in the Model 3, including all systems responsible for sensing,

11  acceleration and braking.

12      10.   Plaintiffs are informed and believe, and thereon allege, that Defendant

13  TESLA manufactured the Tesla Model 3 with VIN No. 5YJ3E1EBXJF075001 at its

14  plant in Fremont, California and that significant portions of the design and

15  engineering of that vehicle, including but not limited to the software and programing,

16  was also performed in California.

17      11.   Defendant TESLA has regularly conducted and continues to conduct

18  business throughout the United States by and through its duly-authorized divisions,

19  subdivisions, agents, servants and employees, and is specifically engaged in the

20  business of designing, engineering, developing, manufacturing, formulating,

21  fabricating, assembling, equipping, testing, inspecting, approving, repairing,

22  labeling, advertising, promoting, marketing, packaging, supplying, warrantying,

23  distributing, wholesaling and/or selling TESLA vehicles and the component parts of

24  TESLA vehicles, including the 2018 Tesla Model 3 (Vin No. 5YJ3E1EBXJF075001)

25  which injured Plaintiff AARON MCLAUGHLIN.

26      12.   At all times herein relevant, Defendant TESLA marketed their products

27

28  [7] *Id.*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

1  throughout the United States with an understanding that their products would be

2  used throughout the United States.

3      13.    Plaintiffs are ignorant of the true names and capacities of DOES ONE

4  through ONE HUNDRED and therefore sue such Defendants by fictitious names.

5  Plaintiffs will amend this complaint to allege the true names and capacities of said

6  Defendants when they have been identified. On information and belief, Plaintiffs

7  allege that each of said Defendants is responsible in some manner for the occurrences

8  herein alleged, and Plaintiffs' damages as herein alleged were proximately caused by

9  said Defendants, said Defendants' agents, servants, or employees, and each of them,

10  or through said Defendants' ownership, operation, control, possession, distribution,

11  and supervision, servicing, maintenance, inspection, repair, entrustment, use,

12  furnishing, design, manufacturing, or sale of the premises, products or

13  instrumentalities which proximately caused the injuries and damages herein.

14      14.    Plaintiffs are informed and believe, and thereon allege, that at all times

15  herein mentioned, each Defendant acted as the agent, servant, partner, franchisee,

16  joint venturer, and/or employee of each of the other Defendants within the course and

17  scope of such agency and authority.

18  **INTRODUCTORY ALLEGATIONS**

19  **A.    Tesla's Release of "Enhanced Autopilot" and "Full-Self-Driving**
      **Capability"**

20

21      15.    On October 19, 2016, Tesla released its Autopilot 2.0 software and

22  announced that all new Tesla cars would come with a new suite of hardware (called

23  Autopilot Hardware 2) comprising eight cameras, twelve ultrasonic sensors, and a

24  forward-facing radar unit, which Tesla claimed would allow the cars to soon become

25  capable of SAE Level 5 autonomy.[8] To access the hardware, owners would have to

26  [8] *See* Alex Nishimoto, "All New Tesla Models Will Feature Level 5-Capable Autopilot

27  Hardware," *Motor Trend* (Oct. 20, 2016), *available at*
   https://www.motortrend.com/news/new-tesla-models-will-feature-level-5-capable-

28  autopilot-hardware/.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  pay $5,000 for an "Enhanced Autopilot" feature and another $3,000 for the right to

2  activate Tesla's promised "Full Self-Driving Capability" (hereinafter referred to as

3  "FSD.") The Enhanced Autopilot package provided drivers most or all of the features

4  in the FSD package, except for the right to unlimited access to Tesla's soon-to-arrive

5  full self-driving technology, and potential early access to FSD Beta updates Tesla

6  might release on its way perfecting that technology.

7       16.   As part of the announcement, Tesla published on its official blog a post

8  titled "All Tesla Cars Being Produced Now Have Full Self-Driving Hardware,"

9  stating "[w]e are excited to announce that, as of today, all Tesla vehicles produced in

10  our factory – including Model 3 – will have the hardware needed for full self-driving

11  capability at a safety level substantially greater than that of a human driver." In the

12  same post, Tesla stated that "[s]elf-driving vehicles will play a crucial role in

13  improving transportation safety and accelerating the world's transition to a

14  sustainable future," and that "[f]ull autonomy will enable a Tesla to be substantially

15  safer than a human driver."[9]

16       17.   The Tesla Model 3, Enhanced Autopilot System is equipped with a

17  feature entitled "Navigate on Autopilot." As described on Tesla's website, Navigate on

18  Autopilot, "[a]ctively guides your car from a highway's on-ramp to off-ramp, including

19  suggesting lane changes, navigating interchanges, automatically engaging the turn

20  signal and taking the correct exit." This feature can be programmed to activate

21  "automatically any time a destination is entered and Autopilot is engaged by

22  adjusting your Navigate on Autopilot settings from Controls > Autopilot > Customize

23  Navigate on Autopilot."  As advertised, "[N]avigate on Autopilot is designed to get

24  you to your destination more efficiently by **actively guiding your car from on-**

25

26  [9] The Tesla Team, "All Tesla Cars Being Produced Now Have Full Self-Driving

27  Hardware," https://www.tesla.com/blog/all-tesla-cars-being-produced-now-have-full-selfdriving-hardware (Oct. 19, 2016).

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**ramp to off-ramp, including suggesting and making lane changes, navigating highway interchanges, and taking exits.** It's designed to make finding and following the most efficient path to your destination even easier on the highway when Autopilot is in use." [10]

18.     The Tesla was designed with a vision system consisting of multiple cameras and radar sensors to sense and detect the Tesla's surroundings and path of travel and provide braking and/or acceleration/deceleration in response to the vision systems' inputs.

**B.     Plaintiff AARON McLaughlin Purchased and Drove Tesla Model 3 with the "Enhanced Autopilot"**

19.     On or about July 8, 2018, Plaintiff AARON MCLAUGHLIN purchased a Tesla Model 3 (Vin No: 5YJ3E1EBXJF075001) (hereinafter referred to as the "SUBJECT VEHICLE") from Defendants TESLA, INC.

20.     Plaintiff AARON MCLAUGHLIN paid the extra $5,000 upon purchasing the SUBJECT VEHICLE to unlock the "Enhanced Autopilot" feature (hereinafter referred to as "EAP").

21.     As part of his daily commute, Plaintiff AARON MCLAUGHLIN would regularly use the Navigate on Autopilot feature of EAP as advertised by entering his commute route in the navigation system – thereby engaging the EAP.

22.     Plaintiff AARON MCLAUGHLIN's regular practice was to use the EAP system while driving with both hands on the wheel, as advised on by the owner's manual and in order to keep the EAP system engaged.

23.     As part of his daily commute, Plaintiff AARON MCLAUGHLIN drove the SUBJECT VEHICLE along Interstate 495 and would exit at Exit 47 B-A (hereinafter referred to as "Tyson's Corner Exit.") On several occasions, Plaintiff had the EAP system engaged while taking the Tysons Corner Exit with no issues.

---

[10] See, "Autopilot and Full Self-Driving Capability," https://www.tesla.com/support/autopilot (revised August 22, 2022)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1     24.     In the weeks preceding October 14, 2020, Plaintiff AARON

2 MCLAUGHLIN put in a request for service due to the SUBJECT VEHICLE braking

3 unnecessarily. By October 14, 2020, Plaintiff AARON MCLAUGHLIN's service

4 request was still pending.

5     25.     On or around the morning of October 14, 2020, Plaintiff AARON

6 MCLAUGHLIN was again traveling northbound on Interstate 495 at approximately

7 60 MPH in the right most lane with the EAP system engaged and nearing the

8 Tyson's Corner Exit.

9     26.     At said time and place, the SUBJECT VEHICLE maintained its

10 reasonable rate of speed and Plaintiff AARON MCLAUGHLIN allowed the vehicle to

11 drive to the Tysons's Corner Exit with his two bands on the steering wheel when

12 suddenly, and without any warning, the SUBJECT VEHICLE crashed into a crash

13 cushion located in the median of the Tyson's Corner Exit.

14     27.     The SUBJECT VEHICLE struck and collided with the median structure

15 with sufficient force and velocity to cause Plaintiff AARON MCLAUGHLIN a severe

16 head injury, unconsciousness and ultimately resulting in vision loss.

17     28.     At all relevant times, the SUBJECT VEHICLE was equipped with a

18 vision system, which consisted of cameras and radar sensors, software and hardware

19 which should have alerted the vehicle's computer system that the vehicle was

20 approaching a crash cushion.

21     29.     At all relevant times, the SUBJECT VEHICLE was equipped with the

22 EAP system, advertised as capable of maintaining the vehicle inside lanes, correcting

23 any deviation from the lane, and automatically exiting and entering highways.

24     30.     At all relevant times, the SUBJECT VEHICLE was equipped with the

25 Automatic Emergency Braking (hereinafter referred to as "AEB") system, advertised

26 as capable of automatically braking when an unavoidable hazard is noted by the

27 vision system.

28     31.     Plaintiffs are informed and believe, and thereon allege, the SUBJECT

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   VEHICLE did not engage its AEB system, apply braking, or reduce acceleration.

2       32.    Plaintiffs are informed and believe, and thereon allege, the SUBJECT

3   VEHICLE's EAP system failed to maintain the vehicle in its lane and pulled the

4   vehicle into a crash cushion.

5       33.    Plaintiffs are informed and believe, and thereon allege that Defendant

6   TESLA are in possession of internally generated telematics data that will support

7   Plaintiffs' allegations.

8   **FIRST CAUSE OF ACTION**

9   **(Strict Liability)**

10  **(Plaintiffs vs. TESLA INC. and DOES ONE through ONE HUNDRED)**

11      Plaintiffs complains of Defendants and for a First Cause of Action alleges as

12  follows:

13      34.    Plaintiffs incorporate by reference each preceding and succeeding

14  paragraph as though fully set forth at length herein.

15      35.    Defendants TESLA and DOES ONE through FIFTY designed,

16  manufactured, researched, tested, assembled, installed, marketed, advertised,

17  distributed, and sold the "SUBJECT VEHICLE." Defendant is both a "manufacturer"

18  and a "seller" of the SUBJECT VEHICLE.

19      36.    At the time the SUBJECT VEHICLE left the possession of Defendants

20  TESLA and DOES ONE through FIFTY, and each of them, it was in a defective

21  condition as that term is understood under California law and was unreasonably

22  dangerous when used in a reasonably foreseeable manner. The SUBJECT VEHICLE

23  constituted a defective product rendering Defendants, and each of them, strictly

24  liable in tort.

25      37.    At all times relevant hereto, Defendants TESLA and DOES ONE

26  through FIFTY, and each of them, was engaged in the business of designing,

27  developing, manufacturing, testing, engineering, approving, marketing, promoting,

28  assembling, equipping, inspecting, repairing, labeling, fabricating, advertising,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  distributing, wholesaling, selling, and supplying automobiles and component parts of

2  automobiles, including the SUBJECT VEHICLE, for use by the consuming public

3  throughout the United States.

4      38.    At all times relevant hereto, the dangerous propensities of the

5  SUBJECT VEHICLE were known to Defendants TESLA and DOES ONE through

6  FIFTY, and each of them, or were reasonably and scientifically knowable to them,

7  through appropriate research and testing by known methods, at the time they

8  designed, developed, manufactured, tested, engineered, approved, marketed,

9  promoted, advertised, distributed, and sold automobiles and component parts of

10  automobiles to the consuming public, but which were not known to end users or

11  consumers.

12      39.    At all times relevant hereto, Defendants TESLA and DOES ONE

13  through FIFTY, and each of them, knew that the SUBJECT VEHICLE would be

14  operated and inhabited by consumers without inspection for defects.

15      40.    At the time of the collision described above, the SUBJECT VEHICLE

16  was being used in a manner and fashion that was foreseeable by Defendants TESLA

17  and DOES ONE through FIFTY, and each of them, and in the way it was intended to

18  be used.

19      41.    Defendants TESLA and DOES ONE through FIFTY, and each of them,

20  designed, engineered, developed, manufactured, fabricated, assembled, equipped,

21  tested or failed to test, inspected or failed to inspect, repaired, retrofitted or failed to

22  retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied,

23  distributed, wholesaled, and sold the SUBJECT VEHICLE and its component parts

24  and constituents, which was intended by TESLA to be used for the purpose of use as

25  a passenger vehicle, and other related activities.

26      42.    The SUBJECT VEHICLE and its EAP system failed to meet the

27  expectations of the reasonable consumer. Based on the representations of Defendants

28  TESLA and DOES ONE through FIFTY, and each of them, an ordinary consumer

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   would have expected the EAP and/or AEB to have appropriately responded or

2   operated during the subject incident.

3       43.    The SUBJECT VEHICLE was not reasonably safe because adequate

4   warnings or instructions were not provided with the vehicle at the time of

5   manufacture and sale. The likelihood that the vehicle would cause the harm

6   described herein or similar harms, and the seriousness of those harms, rendered the

7   warnings or instructions inadequate. TESLA could have provided the warnings or

8   instructions which the Plaintiffs allege would have been adequate.

9       44.    Furthermore, the SUBJECT VEHICLE was not reasonably safe in that

10  it was unsafe to an extent beyond that which would be contemplated by the ordinary

11  user.

12      45.    Plaintiffs were not aware of the aforementioned not reasonably safe

13  condition of the SUBJECT VEHICLE.

14      46.    Defendants TESLA and DOES ONE through FIFTY, and each of them,

15  by their divisions, subdivisions, agents, servants, workmen, and/or employees is

16  strictly liable under California law for one or more of the following reasons:

17          a.    The SUBJECT VEHICLE was not safe for its intended and

18              foreseeable use;

19          b.    The SUBJECT VEHCILE was defective because despite the crash

20              cushion being detectable, the SUBJECT VEHICLE's EAP system took

21              no corrective measures as designed and/or intended;

22          c.    The SUBJECT VEHICLE was defective because it suddenly drove

23              out of the highway lane and drove into the crash cushion;

24          d.    The SUBJECT VEHICLE was defective because the AEB system

25              failed to prevent the Tesla from hitting the crash cushion;

26          e.    The SUBJECT VEHICLE was defective because the EAP system

27              failed to prevent the Tesla from exiting the lane;

28          f.    Designing, manufacturing, distributing, and selling the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1         SUBJECT VEHICLE with a defective and unsafe EAP system;

2         g.    Designing, manufacturing, distributing, and selling the

3         SUBJECT VEHICLE with a defective AEB System;

4         h.    Designing, manufacturing, distributing, and selling the defective

5         SUBJECT VEHICLE with an inadequate braking system which caused

6         the collision that caused Plaintiff AARON MCLAUGHLIN's severe head

7         trauma;

8         i.    The SUBJECT VEHICLE does not meet or perform to the

9         expectations of end consumers, users, or ordinary consumers;

10         j.    The SUBJECT VEHICLE does not meet or perform to the

11         expectations of reasonable consumers.

12         k.    The SUBJECT VEHICLE and its vision system, GPS sensors,

13         control system, and/or automatic emergency braking systems

14         malfunctioned because the Tesla pulled out its lane and drove, with no

15         braking and no reduction in acceleration, into the crash cushion located

16         in the gore area.

17     47.    The SUBJECT VEHCILE was expected by TESLA to reach, and did

18 reach, the user or consumer without substantial change to the condition in which it

19 was sold.

20     48.    The defective condition of the SUBJECT VEHICLE was a cause of

21 Plaintiff AARON MCLAUGHLIN's catastrophic injuries.

22     49.    Defendant TESLA is strictly liable to Plaintiff for injuries and damages

23 caused by the defects and inadequacies in the design and manufacture of the Tesla

24 Model 3.

25     50.    The injuries sustained by Plaintiff AARON MCLAUGHLIN resulted

26 from TESLA's failure to adequately warn of the dangers and hazardous and defective

27 condition of the SUBJECT VEHICLE.

28     51.    The injuries sustained by Plaintiff AARON MCLAUGHLIN resulted

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  from TESLA's misrepresentation of the safety of the SUBJECT VEHICLE.

2      52.    By reason of the premises, on and prior to the date of Plaintiff AARON

3  MCLAUGHLIN's injuries, the SUBJECT VEHICLE was defective in its design in

4  that it would not, could not, and did not perform in a manner as safely as an ordinary

5  consumer would expect when the vehicle was subjected to foreseeable driving

6  conditions. Further, the SUBJECT VEHICLE as designed, caused injuries to

7  Plaintiffs when the vehicle failed to perform as it should have.

8      53.    As a direct and legal result of the defective condition of the SUBJECT

9  VEHICLE, Plaintiff AARON MCLAUGHLIN was caused to suffer and sustain severe

10  physical injuries, including crush severe head trauma, and other injuries not yet

11  diagnosed. Plaintiffs is informed, believes, and therefore alleges upon such

12  information and belief, that certain of said injuries will be permanent in nature, the

13  extent of said permanent injuries being at this time unknown.

14      54.    By reason of the premises, and as a direct and legal result thereof, it

15  became necessary for Plaintiff AARON MCLAUGHLIN to incur expenses for doctors,

16  hospitals, surgeries, nurses, and other reasonably required and medically necessary

17  supplies and services, which said services are still continuing.  Plaintiffs prays leave

18  to amend this Complaint to insert these elements of damage in this respect when the

19  same are finally determined.

20      55.    By reason of the premises, and as a direct and legal result thereof,

21  Plaintiff AARON MCLAUGHLIN has been unable at times to attend regular

22  employment, and Plaintiff's earning capacity has been diminished to Plaintiff's

23  special damage in a presently unascertained sum as said loss is not yet finally

24  determined. Plaintiff prays leave to amend this Complaint to insert these elements of

25  damage in this respect when the same are finally determined.

26      56.    By reason of the premises, and as a direct and legal result thereof,

27  Plaintiffs has suffered and sustained general (non-economic) damages in a sum in

28  excess of the minimum jurisdictional limits of this Court.

1    WHEREFORE, Plaintiffs AARON MCLAUGHLIN and TARA CLARK

2  demands judgment against Defendants as hereinafter set forth.

3                    **SECOND CAUSE OF ACTION**

4                  **(Negligence - Product Lability)**

5      **(Plaintiffs vs. TESLA INC. and DOES ONE through ONE HUNDRED)**

6          Plaintiffs complains of Defendants and for a Second Cause of Action alleges as

7  follows

8      57.    Plaintiffs incorporate by reference each and every preceding allegation

9  as though fully set forth herein.

10     58.    The aforesaid injuries and damages sustained by Plaintiff AARON

11  MCLAUGHLIN were directly and proximately caused by the negligence,

12  carelessness, and other liability-producing conduct of Defendants TESLA and DOES

13  ONE through FIFTY, and each of them.

14     59.    The risks of the SUBJECT VEHICLE to consumers outweigh the

15  benefits.

16     60.    The SUBJET VEHICLE does not meet or perform to the expectations of

17  reasonable consumers.

18     61.    The SUBJECT VEHICLE was expected by Defendants TESLA and

19  DOES ONE through FIFTY, and each of them, to reach, and did reach, the user or

20  consumer without substantial change to the condition in which it was sold.

21     62.    Plaintiff AARON MCLAUGHLIN was an adult individual who would be

22  reasonably expected to come into contact with the SUBJECT VEHICLE.

23     63.    It was foreseeable to Defendants TESLA and DOES ONE through

24  FIFTY, and each of them, that the SUBJECT VEHICLE would be on a highway and

25  the EAP system would be utilized to enter and exit the highway.

26     64.    Defendants TESLA and DOES ONE through FIFTY, and each of them,

27  were negligent in the design and manufacture of the SUBJECT VEHICLE because

28  despite the SUBJECT VEHICLE's EAP system being designed to keep the vehicle

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

13

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  inside lanes, note possible hazards and correct its speed or direction to avoid such

2  hazards the SUBJECT VEHICLE instead pulled out of its lane and slammed into a

3  crash cushion located within the gore area.

4       65.    Defendants TESLA and DOES ONE through FIFTY, and each of them,

5  were negligent in the design and manufacture of the subject Tesla because despite

6  the SUBJECT VEHICLE's having an AEB feature the vehicle failed to brake and hit

7  the crash cushion located within the gore area.

8       66.    The aforesaid injuries and damages sustained by Plaintiff AARON

9  MCLAUGHLIN were directly and proximately caused by the negligence,

10 carelessness, and other liability-producing conduct of Defendants TESLA and DOES

11 ONE through FIFTY, and each of them, as set forth in this complaint, including:

12        a.    Failing to integrate into the SUBJECT VEHICLE a safety system

13           that would prevent the vehicle from hitting a crash cushion located

14           within the gore area in a highway setting;

15        b.    Designing the SUBJECT VEHICLE in a manner where it pulled

16           the out of its lane and into a crash cushion located within the gore area

17           in a highway setting;

18        c.    Failing to integrate an AEB system that would prevent the Tesla

19           from driving into a crash cushion located within the gore area in a

20           highway setting;

21        d.    Failing to prevent the SUBJECT VEHICLE from pulling into a

22           crash cushion located within the gore area;

23        e.    Designing, manufacturing, distributing, and selling the

24           SUBJECT VEHICLE with a defective and unsafe EAP system;

25        f.    Designing, manufacturing, distributing, and selling the

26           SUBJECT VEHICLE with a defective and unsafe AEB system;

27        g.    Negligently designing and selling a vehicle that does not meet or

28           perform to the expectations of end consumers, users or ordinary

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    consumers;

2        h.    Failing to issue a recall or push out a software update to remedy

3        the above-described deficiencies.

4    67.    The negligence of Defendants TESLA and DOES ONE through FIFTY,

5 and each of them, along with the defective, unsafe, and unreasonably dangerous

6 condition of the SUBJECT VEHICLE was a cause of Plaintiff AARON

7 MCLAUGHLIN's catastrophic injuries.

8    68.    Defendant TESLA's negligence was a direct and proximate cause of

9 Plaintiff AARON MCLAUGHLIN's severe and catastrophic personal injuries and

10 damages, for all of which damages are claimed.

11    69.    As a direct and proximate result of TESLA's negligence, Plaintiff

12 AARON MCLAUGHLIN suffered severe pain and suffering, anguish, and distress,

13 the loss of life's pleasures, for all of which damages are claimed.

14    70.    As a direct and proximate result of TESLA's negligence, Plaintiff

15 AARON MCLAUGHLIN suffered a loss of earnings and earning capacity, both past,

16 present, and future, for all of which damages are claimed.

17    71.    As a direct and proximate result of the defective condition of the

18 SUBJECT VEHICLE and Defendant TESLA's conduct, Plaintiff AARON

19 MCLAUGHLIN, incurred medical expenses, both past, present, and future, for all of

20 which damages are claimed.

21    WHEREFORE, Plaintiff AARON MCLAUGHLIN demands judgment against

22 defendants as hereinafter set forth.

23                **THIRD CAUSE OF ACTION**

24                **(Negligence - Post-sale)**

25    **Plaintiffs v. TESLA INC. and DOES ONE through ONE HUNDRED**

26    Plaintiffs complain of Defendants and for a Third Cause of Action alleges as

27 follows:

28    72.    Plaintiffs incorporate by reference each and every preceding allegation

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 | as though fully set forth herein.

2 |     73.    For the reasons set forth above, and as a result of information acquired
3 | after the design and marketing of the SUBJECT VEHICLE, which such information
4 | was acquired through lawsuits, claims, information available, the defendants herein,
5 | knew or should have known, that the 2018 Tesla Model 3 was likely to cause injury
6 | to its occupants by leaving travel lanes and striking fixed objects when used in a
7 | reasonably foreseeable manner.

8 |     74.    At all times relevant herein, defendants TESLA and DOES 1 through 50
9 | herein, had the technical ability and the knowledge to identify purchasers, owners
10 | and/or users of the 2018 Tesla Model 3 of the type being driven by plaintiff.

11 |     75.    At all times herein mentioned, defendants TESLA and DOES 1 through
12 | 50, and each of them, knew or should have known that purchasers, owners and/or
13 | users of the 2018 Tesla Model 3, like the SUBJECT VEHICLE used by Plaintiff
14 | AARON MCLAUGHLIN, were unaware of defects in the vehicle.

15 |     76.    At all times herein mentioned, a reasonable and truthful notification,
16 | notice, advisory and/or warning could have been effectively communicated to, and
17 | acted on, by purchasers, owners and/or users of the 2018 Tesla Model 3 so as to avoid
18 | injury from vehicles failing to keep within travel lanes and acceleration into fixed
19 | objects without the availability of an automatic emergency braking system.

20 |     77.    At all times herein mentioned, the risk of harm to people traveling in
21 | the defective and unreasonably dangerous 2018 Tesla Model 3 was sufficiently great
22 | to justify the burden of providing a post marketing warning and advisory.

23 |     78.    At all times herein mentioned, a reasonable manufacturer, supplier or
24 | seller in the position of defendant TESLA and DOES 1 through 50, and each of them,
25 | had the ability to issue a recall, institute a product exchange program, and/or provide
26 | a warning to the public, purchasers, users and consumers of the 2018 Tesla Model 3
27 | of the product affected condition in light of the risk of harm and despite any burden
28 | imposed by providing a warning.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

79.     By reason of the premises, and as a direct and legal result of the negligent failure of defendants TESLA and DOES 1 through 50, and each of them, to issue a recall, institute a product exchange program, and/or provide an adequate warning, notice, notification, or any warning at all, or any notice at all, to the public, purchasers, users, and consumers of the 2018 Tesla Model 3 vehicle after the original introduction of the vehicle to the U.S. market the Plaintiffs were caused to suffer and sustain the injuries, harms and losses hereinabove and hereinafter set forth..

80.     Wherefore, Plaintiffs prays judgment against the defendants, and each of them, hereinafter set forth.

## **FOURTH CAUSE OF ACTION**

**(Loss of Consortium**
**Plaintiff TARA CLARK vs. all Defendants)**

Plaintiff TARA CLARK complains of Defendants and for a Fourth Cause of Action alleges as follows:

81.     Plaintiff TARA CLARK incorporates by reference each and every preceding allegation as though fully set forth herein.

82.     Plaintiff TARA CLARK is, and at all times herein mentioned was, the lawful spouse of Plaintiff AARON MCLAUGHLIN.

83.     As a direct, legal, and proximate result of the culpability and fault of the Defendants, be such fault through strict liability or negligence, Plaintiff TARA CLARK's lawful spouse Plaintiff AARON MCLAUGHLIN was tortiously injured.

84.     As a direct, legal, and proximate result of the culpability and fault of the Defendants, be such fault through strict liability or negligence, Plaintiff TARA CLARK suffered the loss of support, service, love, companionship, affection, society, intimate relations, and other elements of consortium, all to Plaintiff's general damage, in an amount in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiffs demand judgment against the Defendants as hereinafter set forth.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

17

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

3      1.      For general (non-economic) damages according to proof at the time of

4              trial;

5      2.      For special (economic) damages according to proof at the time of trial;

6      3.      For prejudgment interest as permitted by law;

7      4.      For exemplary and punitive damages against TESLA;

8      5.      For costs of suit incurred herein as permitted by law; and

9      6.      For such other and further relief as this Court may deem proper.

10

11    Dated:  October 10, 2022              WALKUP, MELODIA, KELLY & SCHOENBERGER

12

13                                      By:  _____

14                                          MICHAEL A. KELLY
15                                          ANDREW P. McDEVITT
                                           Attorneys for Plaintiffs
16                                          AARON MCLAUGHLIN and TARA CLARK

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2        Plaintiffs hereby demand a jury trial.

3    Dated:  October 10, 2022                WALKUP, MELODIA, KELLY & SCHOENBERGER

4

5                                        By: _____

6                                            MICHAEL A. KELLY
                                             ANDREW P. McDEVITT
7                                            Attorneys for Plaintiffs
                                             AARON MCLAUGHLIN and TARA CLARK
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

19

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael A. Kelly/Andrew P. McDevitt 71640/271371<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street, 26th Floor<br>San Francisco, CA 94108-2615<br>TELEPHONE NO.: (415) 981-7210  FAX NO. *(Optional):* (415) 391-6965<br>E-MAIL ADDRESS: mkelly@walkuplawoffice.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/10/2022 10:56 AM<br>Reviewed By: P. Newton<br>Case #22CV405345<br>Envelope: 10175370** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil-Unlimited

CASE NAME: McLaughlin v. Tesla

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV405345 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 10, 2022

Andrew P. McDevitt, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB® Essential
ceb.com | Forms™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

McLaughlin, Aaron-16158

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CEB® Essential
ceb.com Forms™

**CIVIL CASE COVER SHEET**

McLaughlin, Aaron-16158

LAW OFFICES OF

**WALKUP, MELODIA, KELLY & SCHOENBERGER**

A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, California 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
**ATTORNEYS FOR ATTORNEYS FOR PLAINTIFFS**
**AARON MCLAUGHLIN AND TARA CLARK**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

|  |  |
|---|---|
| AARON MCLAUGHLIN and TARA CLARK,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. and DOES ONE through ONE HUNDRED,<br><br>Defendants. | Case No. 22CV405345<br><br>**NOTICE OF POSTING JURY FEES**<br><br>**Assigned for Case Management Purposes to:**<br>**Hon. Christopher G. Rudy**<br>**Department 7**<br><br>Action Filed:     October 10, 2022<br>Trial Date:        To Be Assigned |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs have posted jury fees in the amount of $150.00 for the above-referenced matter.

Dated:  November 8, 2022          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____

MICHAEL A. KELLY
ANDREW P. McDEVITT
Attorneys for ATTORNEYS FOR PLAINTIFFS
AARON MCLAUGHLIN AND TARA CLARK

1

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER:   22CV405345

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT*  (The person sued): **You must do each of the following to protect your rights:**
1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone - see Local Civil Rule 8.*

---

| Your Case Management Judge is:   Rudy, Christopher G | Department:   07 |
|---|---|
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | |
| Date: 03/14/2023   Time: 2:15 PM   in Department: 07 | |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | |
| Date:   Time:   in Department: | |

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 08/01/16

CEB® | Essential Forms
ceb.com

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

McLaughlin, Aaron-16158

**SANTA CLARA COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION**
**INFORMATION SHEET**

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in which the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*



Jackson, Sylvia & George-16001

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

---

CV-5003 REV 10/21/2020



**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Page 2 of 2

Jackson,Sylvia & George-16001