LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS
AARON MCLAUGHLIN AND TARA CLARK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON MCLAUGHLIN and TARA CLARK,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>TESLA, INC. and DOES ONE through ONE HUNDRED,,<br><br>　　　　　　　Defendants. | Case No. 5:22-cv-07849-SVK<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS**<br><br>**Magistrate Judge Susan van Keulen**<br><br>Trial Date: July 15, 2024 |

　　　　WHEREAS the Plaintiffs Aaron McLaughlin and Tara Clark, and Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in discovery, including production of documents and other materials within the above-entitled action ("the Action");

　　　　WHEREAS the Parties are in agreement for a Protective Order to be entered by the Court based upon the stipulation below, but all Parties are retaining and reserving their rights to seek a modification of the Protective Order;

　　　　NOW, THEREFORE, in order to protect such information, as may be entitled to protection, and which is produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses,

responses to request for admission, responses to request for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure in connection with this Action ("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

## I. DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"

1. The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2. Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" or "Highly Confidential - Attorneys Eyes Only" (hereinafter referred to collectively as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such "Covered Information" meets the criteria set forth below.

   a. **"Confidential Information."** For purposes of this Protective Order, Confidential Information is defined as information (regardless of how it is stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), which includes sensitive non-public internal proprietary (i) business; (ii) marketing; (iii) financial; (iv) technical information; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income and costs (i.e., production, marketing and overhead); (viii) design, development, and testing materials related to the design, development of Tesla vehicles.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

1    b.    **"Highly Confidential - Attorneys Eyes Only Information."**
For purposes of this Protective Order, Highly Confidential – Attorneys Eyes Only Information includes information that contains highly sensitive competitive business, technical and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will be detrimental to the Producing Party's business and will place the Producing Party at a competitive disadvantage. Any Producing Party may designate as Highly Confidential - Attorneys Eyes Only Information

3.    Other than marking the document "CONFIDENTIAL" or " "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" and making other obvious redactions as appropriate, the Producing Party represents that the document is a true and correct copy of the original.  In no instance may any party remove, obscure or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation.  This designation will also encompass the following: (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Covered Information.

4.    Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 7.

5.    In connection with any motions or pre-trial proceedings as to which a Party submits Covered Information, the Parties shall follow the Federal Rules of Civil Procedure and the Northern District of California Local Rules.

6.    Any PHI shall be deemed Confidential and, as such, subject to the terms of this Protective Order.  Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

1  PHI they may receive from any person in connection with this Proceeding. PHI will be

2  securely returned or destroyed pursuant to the provisions of Paragraph 29, below.

3      7.      This Order authorizes the disclosure of information protected by HIPAA,

4  as amended by the HITECH Act, including all applicable Privacy and Security Rules.

5  This Order constitutes a Qualified Protective Order, as that term is defined in the

6  Privacy and Security Rules.

7      8.      The designation of Covered Information in a document or discovery

8  response shall be made by labeling each page containing Covered Information with

9  the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

10  ONLY" in the bottom margin of the page.  Where a document or response consists of

11  more than one page not all of which contain Covered Information, the first page shall

12  also be so labeled.  In the case of information disclosed in or by a non-paper medium

13  (*e.g.*, videotape, audiotape, computer disk, or other tangible thing), the

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY"

15  label shall be affixed to the outside of the medium or its container so as to clearly

16  give notice of the designation.

17      9.      Inadvertent or unintentional production of documents or information

18  containing Covered Information that should have been designated

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY"

20  shall not be deemed a waiver in whole or in part of a Parties' claims of confidentiality

21  and will be deemed Covered Information upon notice to all parties receiving such

22  inadvertent or unintentional production.

23      10.     Any notes, lists, memoranda, summaries, indices, compilations,

24  electronically stored information, reports, records and documents prepared or based

25  on an examination of Covered Information and any summaries of Covered

26  Information which quote from, identify or refer to the Covered Information with such

27  specificity that the Covered Information can be identified, or by reasonable logical

28  extension can be identified, shall be accorded the same status of confidentiality as the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

underlying Covered Information from which they are made, and shall be subject to all of the terms of this protective order.

11. A deponent may be shown and examined about Covered Information during a deposition subject to the terms of Paragraphs 19, 20, and 21 below. Deponents shall not retain or copy portions of the transcript of their depositions that contain Covered Information not provided by them or their counsel. While a deponent is being examined about any Covered Information, persons to whom disclosure is not authorized under this Order shall not be present.

12. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of the deposition, by giving written notice to all parties of the page and line numbers where the newly designated information shows up on the rough deposition transcript (and later where it shows up on the final transcript). All rough or final deposition transcripts shall be treated as "Covered Information" until thirty (30) court days after the deposition testimony is given. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

13. Any non-party may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of documents by designating any discovery in accordance with the provisions of this Protective Order. Such designation shall confer upon the non-party all of the rights and obligations of a designating party as set forth herein. Any medical records produced by a non-party in response to any subpoena issued in this case shall be treated as Confidential under the terms of this Protective Order.

II. **CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION," OR "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY "**

14. If a Party is in receipt of Covered Information ("Receiving Party") and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

contends that any material is not entitled to confidential treatment, such Party must give written notice to the Producing Party who designated the material by: (1) Providing the Bates number of each challenged document and (2) State the basis for the challenge.  The Parties agree that such challenges shall be made in good faith.  In the case of materials or testimony designated as Highly Confidential – Attorneys' Eyes Only, the Party challenging the designation must state whether their position is the material should be designated as Confidential Information or have no designation under this Protective Order.  The Parties shall meet and confer regarding the challenged designations within thirty (30) court days of receipt of the challenge. If the challenge is not resolved in the meet-and-confer process, the Producing Party shall have thirty (30) court days from the date of the termination of the meet and confer effort to seek an order from the Court that such designated material is subject to protection as Confidential Information or Highly Confidential - Attorneys Eyes Only. The Producing Party seeking the order has the burden of establishing that each designated document or item is entitled to protection.  If a discovery letter brief is not timely filed, the challenged material shall lose its protection as Confidential or Highly Confidential - Attorneys Eyes Only Information.  If the parties file a discovery letter brief with the Court, the designated items shall remain protected pursuant to their designation until the Court resolves the dispute.  In bringing such disputes, the parties must comply with the deadline for filing discovery motions under Civil Local Rule 37-3.

       15.    Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 14, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

       a.    the Producing Party who claims that the material is Confidential Information or Highly Confidential - Attorneys Eyes Only Information withdraws such designation in writing; or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

b. the Producing Party who claims that the material is Confidential Information or Highly Confidential - Attorneys Eyes Only Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c. the Court rules the material is not Confidential Information or Highly Confidential - Attorneys Eyes Only Information.

16. No Party shall be obliged to challenge the propriety of a Confidential Information or Highly Confidential - Attorneys Eyes Only designation at any specified time, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

### III. USE AND ACCESS TO "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION"

17. Confidential Information and Highly Confidential - Attorneys Eyes Only Information shall not be used for any business, commercial, competitive, personal, or other purpose not related to this litigation.

18. Persons authorized to receive Confidential Information. Confidential Information, as defined in Paragraph 2(a), may be disclosed only to the following "Qualified Persons":

a. the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

b. mediators or other individuals engaged or consulted in settlement of all or part of this Action, or discovery referees to the extent one or more are engaged in connection with this Action provided they execute Exhibit A;

c. the Parties and their employees;

d. counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action. Including, but not limited to, all clerks, employees, independent

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

  e. litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A;

  f. any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the expert/consultant will designate the team working on this engagement and such disclosure will be limited to such "Designated Expert Personnel" involved in this; (ii) the expert/consultant and Designated Expert Personnel use the information solely in connection with this Action; (iii) expert/consultant and/or a representative of each expert consulting firm sign Exhibit A on behalf of any Designated Expert Personnel associated with that firm;  (v) the terms of Paragraph 21 of this Protective Order are satisfied; and (vi) a Producing Party may share Confidential Information that it produced with its own individual expert or Designated Expert Personnel without requiring compliance with this Protective Order;

  g. Except persons subject to the limitation in Paragraph 21, any person (i) who created, authored, received or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii)  is identified in Confidential Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information;

  h. any other person as may be designated by written agreement by

1   the Producing Party or by order of the Court; and

2   19.   **Persons authorized to receive Highly Confidential - Attorneys Eyes Only Information.** Highly Confidential - Attorneys Eyes Only Information, as defined in Paragraph 2(b), may be disclosed only to the persons identified and conditions set forth in Paragraphs 18(a), (b), (c), (d), (e), (f),(g), and (h) and may not be copied, duplicated, summarized, described, or otherwise communicated or made available in whole or in part to any other person without the express written consent of the producing party.

   a.   The distribution of Highly Confidential - Attorneys Eyes Only Information shall be limited to the consultants/experts that truly need to see them for their work in this litigation.

20.   The following persons are not authorized to receive Confidential Information or Highly Confidential - Attorneys Eyes Only Information as defined in Paragraphs 2(a)&(b): Any current owner, director, employee or consultant of any entity that competes directly with Tesla or is involved in the design and development of automotive components and autonomous vehicle technology, whether or not such person was a prior employee of Tesla and/or custodian of Covered or Highly Confidential Information.

21.   **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person as identified in Paragraphs 18(e)-(f), and (h) to whom Confidential Information or Highly Confidential - Attorneys Eyes Only Information is disclosed shall execute a non-disclosure agreement in the form attached as Exhibit A before receiving such information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

22.   **SECURITY OF COVERED INFORMATION.** Security of Covered Information. Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, transmission, or use of Covered Information as they would apply to their own material of the same or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

comparable sensitivity and, at a minimum must take reasonable precautions to protect Covered Information from loss or misuse, including but not limited to:

    a. Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Covered Information under this Order;

    b. An audit trail of use and access to litigation support site(s) shall be maintained while the litigation, including any appeals, is pending;

    c. Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level;

    d. Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order, but nothing within this provision requires such persons to maintain such Covered Information in an individually locked office;

    e. Summaries of Covered Information, including any lists, memoranda, indices, or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information;

    f. If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. Unencrypted email attachments are not permitted for the transmission of Covered Information. If hard copy documents

10

[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

       g.    If the Receiving Party discovers a breach of security relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

       h.    Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.

/ / /

## IV.   INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY"

23.   In the event that information is produced by a Producing Party without a Confidential or Highly Confidential - Attorneys Eyes Only designation and then later designates as Confidential Information, or Highly Confidential - Attorneys Eyes Only, said information, upon notice of the inadvertent production all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Confidential Information or Highly Confidential - Attorneys Eyes Only Information pursuant to the terms of this Protective Order.

## V.   PRIVILEGE

24.   If a Producing Party discloses information subject to a claim of attorney-client privilege or work product protection or some other legal privilege or doctrine protecting information from disclosure, the disclosure of that information ("Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the disclosed information and its subject matter. This provision is, and shall be construed as, an Order under Federal Rule of Evidence 502(d).  Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Protected Information, whether inadvertent or otherwise, is not a waiver of any privilege or protection "in any other federal or state proceeding."  With respect to such produced documents, the following procedures shall apply, and the Parties agree that such procedures constitute reasonable and prompt steps to prevent disclosure and to rectify the error of disclosure, pursuant to the Federal Rules of Civil Procedure:

   a.   The Party discovering the production will contact the opposing Party to apprise that Party of such production within fourteen (14) business days of such discovery.  Upon receipt of notice of produced documents containing Protected Information, no use shall be made of the identified produced documents during

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12

[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

1 depositions or at trial, nor shall they be disclosed to anyone who did not previously
2 have access to them.

3       b.    If no dispute exists as to the protected nature of the produced
4 documents, any Party in possession of the documents at issue shall return the
5 materials to the Producing Party, along with any notes or other work product
6 reflecting the contents of such materials.  Alternatively, upon request of the
7 Producing Party, the Party discovering the production shall destroy such materials
8 and provide an affidavit to the Producing Party confirming destruction within fifteen
9 (15) days. In either event, all material shall be deleted from any litigation-support or
10 other database, and all copies of the protected documents provided by the Receiving
11 Party to other persons or entities shall be returned or destroyed.  If destroyed, the
12 Party that received the materials shall provide an affidavit to the Party that
13 produced the materials confirming destruction within fifteen (15) days.  In the event
14 that only portions of the produced documents contain privileged subject matter, the
15 Producing Party shall substitute redacted versions of the documents within ten (10)
16 days of the certification of destruction of the produced documents.

17       c.    If the Party in possession believes that the documents are not
18 subject to the protections of work product immunity, attorney-client privilege or
19 other legal privilege protecting information from discovery, the Party in possession
20 shall contact the Court and opposing counsel within five (5) business days of the
21 discovery for an in camera review of the materials in question. Any Party requesting
22 an in camera inspection shall confer with opposing counsel before making any such
23 request.  If the Court determines that the produced documents are entitled to work
24 product immunity, attorney-client privilege or other legal privilege protecting
25 information from discovery, the Party in possession shall, within fifteen (15) days of
26 the Court's decision, comply with the provisions of Paragraph 25(b), above.

27       d.    Pursuant to Federal Rule of Evidence 502(d) and (e), the
28 production of any discovery material by any Party shall be without prejudice to any

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

13
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK

subsequent claim by the Producing Party that such discovery material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

## VI.   MISCELLANEOUS

25.   All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

26.   Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

27.   A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

28.   The use and presentation of Covered Information at any trial or hearing shall be determined by the presiding judge.  The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate.  The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information or Highly Confidential - Attorneys Eyes Only Information. Within 60 (sixty) days after the conclusion of this Action, all produced documents that contain

or reflect Covered Information shall be returned to counsel for the designating Party and all electronic copies will be destroyed and deleted from any computers, hard drivers, servers, or cloud storage. The Party given the Covered Information will certify in writing that there is compliance with this provision.

IT IS SO STIPULATED.

Dated:  March 28, 2023   RESPECTFULLY SUBMITTED

WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____/s/ Andrew P. McDevitt_____
MICHAEL A. KELLY
ANDREW P. McDEVITT
Attorneys for PLAINTIFFS
AARON MCLAUGHLIN AND TARA CLARK

Dated:  March 28, 2023   NELSON MULLINS RILEY & SCARBOROUGH

By: _____/s/ Travis A. Bustamante_____
Sandra G. Ezell
Eden M. Darrell
Trevor C. Zeiler
Travis A. Bustamante
Attorneys for Defendant
TESLA, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

ENTERED this ____ day of _____, 2023.

_____
THE HON. SUSAN VAN KEULEN

# Exhibit A

I hereby certify that I have read the Stipulated Protective Order entered in the case entitled *McLaughling, et. al v. Tesla, Inc., et. al,* Case No. 5:22-cv-07849-SVK. Before reviewing or receiving access to the contents of any of the documents or material subject to the protection of that Stipulated Protective Order and as a condition of such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Protective Order. I subject myself to the jurisdiction and venue of the Northern District of California, for purposes of enforcement of this Stipulated Protective Order.

_____

STATE OF _____ )
                      )
COUNTY OF _____ )


Subscribed and sworn to before me this __ day of _____ , 20__

Notary Public
My Commission Expires:

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

16
[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS - CASE NO. 5:22-cv-07849-SVK