UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MCLAUGHLIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., et al.,<br><br>Defendants. | Case No. 22-cv-07849-SVK<br><br>**ORDER RE MOTIONS TO EXCLUDE EXPERT TESTIMONY**<br><br>Re: Dkt. Nos. 79, 81 |

Defendant Tesla, Inc. ("Tesla") requests that the Court exclude the testimony of Plaintiffs' experts Drs. Anthony Andre and Timothy Fratto. *See* Dkts. 79, 81 (the "Motions"). The Parties appeared for a hearing on the Motions on September 5, 2024. All necessary parties—Plaintiffs and Tesla—have consented to the jurisdiction of a magistrate judge.[1] *See* Dkts. 6-7. After considering the Parties' briefing, relevant law and the record in this action, and after hearing oral argument, the Court **GRANTS IN PART** and **DENIES IN PART** the request to exclude Dr. Andre's testimony and **DENIES** the request to exclude Dr. Fratto's testimony. The Court's reasoning is set forth below.

I.   **DR. ANDRE**

Tesla seeks to limit the testimony of Dr. Andre, Plaintiffs' human-factors expert, in two respects.[2] The first relates to the activation of autopilot mode in the vehicle on the day of the car

---

[1] Plaintiffs also sued 100 Doe defendants. *See* Dkt. 1-2 ¶ 13. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

[2] Tesla raised a third area of exclusion of Dr. Andre's testimony in the Motions but subsequently

accident at the center of this lawsuit. Specifically, pursuant to Federal Rule of Evidence 702, Tesla seeks to exclude any testimony from Dr. Andre that, on the day of the accident, Plaintiff Aaron McLaughlin pulled on the car's gear stalk twice or reasonably believed he had pulled on the gear stalk twice. The second relates to Dr. Andre's methodology. Specifically, pursuant to Federal Rule of Evidence 703, Tesla seeks to exclude any testimony from Dr. Andre based upon his review of internet posts allegedly reflecting reports of "mode confusion" by Tesla drivers. Tesla also seeks to exclude the internet posts themselves.

        **A.**        **Dr. Andre May Not Opine As To Whether Plaintiff McLaughlin Pulled The Gear Stalk Twice Or Reasonably Believed He Did So On The Day Of The Accident**

In the "Incident Summary" section of his expert report, Dr. Andre states that Plaintiff McLaughlin "attempted to engage the Autopilot feature of his Tesla by pressing down twice on the right-hand steering wheel stalk." *See* Dkt. 86-1, Ex. 1 at 5. However, Dr. Andre does not appear to include a similar statement in the "Summary and Conclusions" section of his report. *See id.* at 32. Further, at the September 5 hearing, Plaintiffs did not clarify whether they intended to offer this "opinion" at trial. Accordingly, the Court rules as set forth below.

At trial, Dr. Andre may restate any <u>fact</u> upon which he bases an opinion. Here, Plaintiff McLaughlin testified that he does not remember whether he activated autopilot on the day of the accident. *See* Dkt. 96-1 at 224:16-21, 225:19-24, 250:5-10, 252:4-12. He also testified that he used the autopilot feature on "most days" and activated that feature by pulling twice on the car's gear stalk. *See id.* at 200:14-17, 202:4-9. On that record, Dr. Andre may testify, for example, that Plaintiff McLaughlin testified that he engaged the autopilot feature most days and that that testimony is the basis for a proffered opinion. What Dr. Andre may not do, however, is extrapolate from Plaintiff McLaughlin's testimony that, on the day of the accident: (1) Plaintiff McLaughlin believed he had engaged autopilot; or (2) that that belief was reasonable. These opinions would be unreliable and therefore inadmissible under Federal Rule of Evidence 702. To the extent that Tesla seeks to exclude these two specific opinions only, the Court **GRANTS** that

---

withdrew that request. It may re-raise that area of exclusion in a motion *in limine*.

request.

### B. Dr. Andre May Opine Based Upon His Review Of Internet Posts

Tesla argues that the Court should exclude Dr. Andre's opinions that he based upon his review of internet posts because no expert would reasonably rely upon such anonymous, unverified internet posts in support of an opinion. *See* Dkt. 79 at 6-7. Tesla also argues that the Court should exclude the internet posts themselves because: (1) they constitute inadmissible hearsay; and (2) their prejudicial effect substantially outweighs their probative value. *See id.* at 7-9 (citing Fed. R. Evid. 703). Tesla further argued at the September 5 hearing that the Court should exclude any reference in the internet posts to "mode confusion" as it relates to use of the autopilot feature in a Tesla vehicle. Plaintiffs respond that human-factors experts like Dr. Andre routinely rely on internet posts and suggest that any objection based on the internet posts' prejudicial effect is premature and more-properly reserved for a future motion *in limine*. *See* Dkt. 86 at 5. Plaintiffs also suggested at the September 5 hearing that the internet posts constituted "notice" to Tesla, thereby rendering them admissible under Federal Rule of Evidence 803.

**With respect to the reasonability of relying on internet posts**, Dr. Andre testified as follows:

> So, you know, my field is all about the user experience. And human factors professionals learn from the science of our discipline and the actual experiences of users with the products of interest. And so part of our methodology is to learn what users are saying or doing or complaining about as, um, one input to understanding issues they may be having and perceptions they may be forming. So, um, it's very common activity. I do it all the time. Teach it as a – as a technique. And so I did my own analysis, and then I'm seeing if other actual users of the system in question have anything to say about these topics. And that's what I'm presenting to the jury.

Dkt. 86-1, Ex. 2 at 162:12-25. Based on this testimony, the Court finds that Dr. Andre has adequately validated his use of internet posts as a basis for opinions in his area of expertise. Accordingly, the Court will permit Dr. Andre to express opinions based upon his review of internet posts and **DENIES** Tesla's request to exclude those opinions.

**With respect to disclosure of the internet posts themselves**, the Court observes that it

3

does not appear that the internet posts would be relevant if they did not concern the autopilot feature in a Tesla vehicle. Thus, and in harmony with the ruling above that Dr. Andre may opine based upon his review of internet posts, the Court will permit Dr. Andre to refer, in summary fashion, to the content of the internet posts he reviewed and how his review informed his opinion. Such a summary may include references to "mode confusion" as it relates to use of the autopilot feature in Tesla vehicles <u>if</u> the internet posts support Dr. Andre's opinion in that regard. As for the admissibility of the internet posts themselves, the Court **RESERVES** that argument for the forthcoming pretrial conference, at which time the issue may be addressed via motion *in limine*.

## II.     DR. FRATTO

The Court will address two of Tesla's four grounds for exclusion of Dr. Fratto's opinions in this Order: (1) Dr. Fratto's testimony is not helpful to the finder of fact because he cannot opine that it is "more probable than not" that the car accident caused Plaintiff McLaughlin's injuries; and (2) Dr. Fratto's testimony is unreliable because he fails to consider alternative explanations for his conclusions.[3]

### A.     Dr. Fratto's Testimony Will Help The Finder Of Fact

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert I*"), the Supreme Court held that the Federal Rules of Evidence, and in particular Rule 702, require a district court to ensure the reliability and relevance of an expert's testimony. *See id.* at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (extending *Daubert* requirements to assessments of all experts and not just scientific experts). Relevance, the basis for the challenge at hand, concerns whether the expert's opinion will assist the trier of fact. *See Daubert I*, 509 U.S. at 591; *see also* Fed. R. Evid. 702(a). "In assessing whether the proffered expert testimony 'will assist the trier of fact' . . .[, the Court] must look to the governing

---

[3] The Court will address Tesla's request to exclude Dr. Fratto's testimony on the basis of Virginia law concerning competency in a separate order. Tesla also requested that the Court exclude Dr. Fratto's testimony concerning Plaintiff McLaughlin's ability to return to work. The Court understands that this opinion, if ever asserted, has been withdrawn, and the request to exclude that opinion is therefore moot.

4

1  substantive standard . . . ." *Daubert v. Merrell Dow Pharms., Inc*, 43 F.3d 1311, 1320 (9th Cir. 1995) ("*Daubert II*").

In a tort case such as this one, where Dr. Fratto opines on causation, state law governs the substantive standard. *See, e.g.*, *id.* The laws of California and Virginia could possibly govern the substantive issues in this action, and the laws of those two states do not conflict on the issue of causation—both California and Virginia require a plaintiff to demonstrate that a subject incident (here, a car accident) "more likely than not" caused their injury. *Compare Ford Motor Co. v. Boomer*, 285 Va. 141, 159 (2013) ("The circuit court now needs to consider the experts' opinions as to whether the exposures by Ford and Bendix were each more likely than not *sufficient to have caused* mesothelioma."), *with Daubert II*, 43 F.3d at 1320 ("California tort law requires plaintiffs to show not merely that Bendectin increased the likelihood of injury, but that it more likely than not caused *their* injuries." (citation omitted)), *and Leslie G. v. Perry & Assocs.*, 43 Cal. App. 4th 472, 487 (2d Dist. Div 1 1996) ("A possible cause only becomes 'probable' when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action. *This is the outer limit of inference upon which an issue may be submitted to the jury*." (citation omitted)).

Tesla argues that Dr. Fratto's reluctance to assign a percentage to the contributory effect of Plaintiff McLaughlin's pre-existing conditions on his post-accident cognitive impairment demonstrates his inability to satisfy the "more likely than not" standard.[4] *See* Dkt. 81-1 at 9-10. Specifically, Tesla points to the following exchange from Dr. Fratto's deposition:

> Q. Okay. So you – it's your opinion that his preexisting conditions may have some – may be exacerbating some of – and be the cause of some of his cognitive deficits. Is that fair?
>
> A. I believe that they're contributory, but I do not believe that they are the sole cause.

---

[4] Plaintiffs do not appear to dispute the existence of Plaintiff McLaughlin's pre-existing conditions. *See* Dkt. 85 at 2, 7.

> Q. Okay. But can you put a percentage on that?
>
> A. I cannot put a percentage on that, no.
>
> Q. What amount they contribute versus what amount the October 2020 accident contributes?
>
> A. It's difficult to put a percentage on that based on a neuropsychological evaluation.

Dkt. 78-3 at 279:6-19. However, other testimony from Dr. Fratto's deposition rebuts Tesla's position that an inability to assign a percentage to certain potential causes necessarily undermines satisfaction of the "more likely than not" standard. Indeed, Dr. Fratto expressly explained how he ruled out certain pre-existing conditions as causing some of Plaintiff McLaughlin's cognitive impairment:

> Q. Okay. But you have no way then of saying with any kind of medical probability that it was due to this particular motor vehicle accident, as opposed to all of his other prior brain injuries that he complained of where he also reported the same symptoms. Right?
>
> A. The reason why I formed that opinion is because, based on the data that I have now from the testing that I conducted with him and the impairments that are on the test results, it seems as though the – his performance shows a, you know, difficulty in various areas of cognitive functioning that would have precluded him from achieving the other more objective information that we have from his history, which is completing college, completing law school, and passing the bar, which occurred after his reported head injuries from during the military.
>
> Q. Well, how about the potential head injury from the other motor vehicle accident he had?
>
> A. It's – again, that one was not documented as having had knowledge of him striking his head.
>
> Q. How about the jiu jitsu head injuries?
>
> A. I don't have any data or information regarding the jiu jitsu head injuries other than what we saw in the records. So I don't – it's – I don't know when they occurred or what sort of affect they might have had on him.
>
> Q. So then how can you rule out those head injuries as a potential cause of post-concussive syndrome?

      A.  Because he reportedly continued to do well in terms of his employment and things like that prior to having gotten into the car accident.

*Id.* at 217:16-218:25.

Accordingly, the record at this stage of the proceedings reflects that: (1) the car accident and pre-existing conditions both may have contributed to Plaintiff McLaughlin's cognitive impairment; and (2) Dr. Fratto has adequately supported his opinion that Plaintiff McLaughlin's current cognitive impairment is the result of the car accident. Thus, Dr. Fratto satisfies the relevancy requirement as set forth in *Daubert I*, *Daubert II* and the Federal Rules of Evidence. The Court therefore **DENIES** Tesla's request to exclude Dr. Fratto's testimony as irrelevant. Of course, Plaintiffs still bear the burden of demonstrating to the jury that the car accident more likely than not caused Plaintiff McLaughlin's cognitive impairment. *See Daubert II*, 43 F.3d at 1320.

      **B.**     **Dr. Fratto's Testimony Is Not Unreliable**

The record reflects that, in 2019, Plaintiff McLaughlin reported to a medical-services provider that he suffered from "headaches and multiple head injuries due to jiu jitsu activities." *See* Dkt. 78-3 at 183:17-185:9. Tesla argues that Dr. Fratto's failure to consider these self-reported head injuries renders his opinion regarding the cause of Plaintiff McLaughlin's post-accident injuries unreliable.[5] *See* Dkt. 81-1 at 10-13. Plaintiffs counter that "no reliable evidence" demonstrates that Plaintiff McLaughlin ever suffered an injury as a result of jiu-jitsu activities. *See* Dkt. 85 at 8. They base their position on the absence of any medical record or opinion reflecting injuries to Plaintiff McLaughlin of any kind, including head injuries, caused by jiu-jitsu activities. *See id.*

Under Federal Rule of Evidence 702, an expert may testify only if their "testimony is based on sufficient facts or data" and "is the product of reliable principles and methods." *See* Fed. R. Evid. 702(b)-(c). In evaluating the reliability of expert testimony, courts consider, *inter alia*,

---

[5] Dr. Fratto testified, and Plaintiffs do not dispute, that Dr. Fratto did not consider Plaintiff McLaughlin's jiu-jitsu activities in rendering his causation opinion. *See* Dkt. 78-3 at 185:2-9, 218:14-221:3.

7

whether the expert accounted for alternative explanations:

> Courts both before and after *Daubert* have found other factors relevant in determining whether expert testimony is sufficiently reliable to be considered by the trier of fact. These factors include: . . . [w]hether the expert has adequately accounted for obvious alternative explanations. *See Claar v. Burlington N.R.R.*, 29 F.3d 499 (9th Cir. 1994) (testimony excluded where the expert failed to consider other obvious causes for the plaintiff's condition). *Compare Ambrosini v. Labarraque*, 101 F.3d 129 (D.C. Cir. 1996) (the possibility of some uneliminated causes presents a question of weight, so long as the most obvious causes have been considered and reasonably ruled out by the expert).

*Id.* advisory committee's note to 2000 amendment.

In light of this guidance, and based on the record at this stage of the proceedings, the Court concludes that Dr. Fratto's opinions satisfy the requirements of Rule 702. As discussed in Section II.A, *supra*, Dr. Fratto addresses other obvious causes for Plaintiff McLaughlin's condition. *See also* Dkt. 78-3 at 217:16-218:25. He need not address every cause. Further, Plaintiff McLaughlin's self-reported head injuries, unsupported by medical records or opinions, do not constitute such "obvious" alternative explanations or causes of his post-accident condition such that failure to consider them renders Dr. Fratto's opinion unreliable. Accordingly, the Court **DENIES** Tesla's request to exclude Dr. Fratto's testimony as unreliable.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Tesla's requests to exclude the testimony of Drs. Andre and Fratto.

**SO ORDERED.**

Dated: September 11, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge