UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MCLAUGHLIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-07849-SVK<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 107 |

On September 5, 2024, the Parties appeared for a hearing on Defendant's motions to exclude the testimony of two of Plaintiffs' experts and to apply Virginia law to certain substantive issues in this action. *See* Dkts. 78-81, 98. The Parties subsequently requested a production of the transcript of the hearing, which the court reporter filed on October 8, 2024. *See* Dkts. 99-100, 106 ("Hr'g Tr."). Defendant now moves to seal about four lines from the transcript in which counsel for Plaintiffs discusses crashes involving cars manufactured by Defendant and Defendant's business practices regarding those crashes. *See* Dkt. 107 (the "Motion").

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Thus, in evaluating the propriety of sealing court records, "a 'strong presumption in favor of access' is the starting point." *See id.* (citation omitted). And where the filings in question are "more than tangentially related to the merits of a case," public access will remain the ending point unless the moving party presents "compelling reasons" for sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101-03 (9th Cir. 2016). For filings "not related, or only tangentially related, to the merits of a case," however, a moving party must instead satisfy the less-burdensome "good cause" standard. *See id.* at 1096-99.

Despite Defendant's insistence to the contrary (*see* Motion at 3), the good-cause standard does not apply here. The transcript excerpts that Defendant seeks to seal relate to Defendant's motion to apply Virginia law to certain substantive issues in this action.[1] That motion presented choice-of-law issues that were more than tangentially related to the merits of the case, and so the more-stringent compelling-reasons standard applies to the Motion. *See, e.g.*, *White v. Symetra Assigned Benefits Serv. Co.*, No. 20-cv-01866-MJP, 2022 WL 1136804, at *4 (W.D. Wash. Apr. 18, 2022).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Chrysler*, 809 F.3d at 1097 (citation omitted). The analysis requires the Court to "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *See id.* (citation omitted). Defendant satisfies the standard here.

The transcript excerpts "reference nonpublic, confidential information" about Defendant's business processes regarding car crashes, the disclosure of which Defendant fears could result in competitive harm. *See* Motion at 3. Indeed, counsel for Plaintiffs confirmed at the hearing that he obtained the information in question through the discovery process. *See* Hr'g Tr. at 10:18-11:12. Compelling reasons exist to seal "business information that might harm a litigant's competitive standing." *See Chrysler*, 809 F.3d at 1097 (citation omitted). To be sure, the excerpts discuss Defendant's information at a high level of generality, which counsels against sealing. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 5505068, at *2 (N.D. Cal. Nov. 13, 2012). But that information bore little relevance to the substantive issues in the case and did not at all influence the Court's rationale in resolving the choice-of-law issues presented by Defendant. Accordingly, restricting public access to that information would not contravene the primary policies underlying the presumption of access—"promoting the public's understanding of the judicial process and of significant public events." *See Valley Broad. Co. v. U.S. Dist. Ct. for*

---

[1] As noted above, the September 5 hearing also concerned Defendant's requests to exclude the testimony of two of Plaintiffs' experts. However, the excerpts at issue concern discussion of Defendant's request to apply Virginia law and not to its requests to exclude expert testimony. *See* Hr'g Tr. at 9:8-11:12.

*Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). Further, Defendant seeks to seal only an incredibly narrow portion of the transcript (about four lines out of 82 pages). Balancing Defendant's interest in maintaining the confidentiality of its business information against the public's interest in disclosure of a few morsels of essentially irrelevant information, the Court concludes that compelling reasons exist to seal the information. *See, e.g.*, *TriQuint Semiconductor, Inc v. Avago Techs. Ltd.*, No. 09-cv-01531-PHX, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011) ("On balance, because solely redacting TriQuint's customer names from the exhibits only withholds a comparatively small amount of information from the public, protects TriQuint's interest in its competitive standing, and does not affect the public's interest in keeping a watchful eye on the workings of public agencies, the Court finds that TriQuint has shown compelling reasons to redact its customer names from the exhibits . . . .").

The Court also rejects Plaintiffs' arguments raised in opposition to the Motion. *See* Dkt. 109 (the "Opposition").

***First***, Plaintiffs argue that the Court should deny the Motion as untimely because Defendant did not file the Motion before the deadlines set forth in the docket text accompanying the filing of the transcript. *See id.* at 1-2. But the Parties are not barred from moving to seal the transcript after the deadlines in question pass. Rather, per the Court's General Order No. 59, those deadlines concern the process for redacting certain categories of information contained in a transcript (*e.g.*, dates of birth, names of minor children).[2] They do not, however, concern the process for sealing other categories of information in a transcript. Indeed, General Order No. 59 expressly acknowledges that parties may move to seal other categories of information not within the scope of that order. Thus, Defendant timely filed the Motion.

***Second***, Plaintiffs argue that Defendant fails to satisfy the compelling-reasons standard because it does not provide sufficient factual support for its request. *See* Opposition at 2. While the Court agrees that Defendant offers thin factual support, Defendant has provided enough to

---

[2] A copy of General Order No. 59 is available at: https://www.cand.uscourts.gov/rules/general-orders/.

1  justify sealing for the reasons set forth above.

2      Accordingly, the Court **GRANTS** the Motion. The Clerk shall maintain Dkt. 106 under

3  seal. By **November 21, 2024**, Defendant shall file a publicly available copy of the transcript

4  containing its proposed redactions.

5      **SO ORDERED.**

6  Dated: November 14, 2024

                                                SUSAN VAN KEULEN
                                                United States Magistrate Judge